Scanned March 23, 2005

APPLICANT   **GERARDO MUNOZ GONZALEZ**       APPLICATION NO. **WR-61,251-01**

## APPLICATION FOR 11.07 WRIT OF HABEAS CORPUS

ACTION TAKEN

**APPLICATION DENIED WITHOUT WRITTEN ORDER.**

*Cheryl Johnson*                    2/16/05
JUDGE                                 DATE

Scanned March 23, 2005

61,251-01
DAT

Court of Criminal Appeals Number:

Cause Number: **1992-CR-360-D**

**WRIT I**

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 3 1 2005

Troy C. Bennett, Jr., Clerk

# CLERK'S RECORD

The State of Texas

vs.

**GERARDO MUNOZ GONZALEZ**

Mailed to the Court of Criminal Appeals on
**01/27/05**

Aurora De La Garza
Cameron County District Clerk

Laura G. Cisneros
Deputy Clerk

Filed in the Court of Criminal Appeals, at Austin, Texas
the        day of           .    .

Troy C. Bennett, Jr.
Clerk of Court of Criminal Appeals

_____
Deputy

## Scanned March 23, 2005

Trial Court Number: **1992-CR-360-D**

EX PARTE:                           APPLICATION FOR WRIT OF HABEAS CORPUS
**GERARDO MUNOZ
GONZALEZ**                          FROM CAMERON COUNTY, TEXAS
**1313 OAK COURT DR.
HARLINGEN,  TEXAS**                 IN THE 103RD  JUDICIAL DISTRICT COURT
**78550**

Applicant's Name:            **GERARDO MUNOZ GONZALEZ**

Offense:                     **BURGLARY OF A HABITATION**

Cause Number:                **1992-CR-360-D**

Sentence:                    **10 YRS TDCJ-ID**

Date of Sentence:            **04/28/94**

Judge Presiding At Trial:    **HON. MENTON J. MURRAY, JR.**

Court of Appeals Number:

Citation to Opinion:              S.W. 2d              S.W. 2d
                                  S.W. 2d              S.W. 2d

Hearing Held on Application:  ☐ Yes  ☒ No

Findings of Facts Filed:      ☐ Yes  ☒ No

Recommendation:               ☐ Granted  ☐ Denied  ☒ None

Judge Presiding Over Application:  **HON. MENTON J. MURRAY, JR.**

**Scanned March 23, 2005**

CAUSE NUMBER

1992-CR-360-D

EX PARTE:

GERARDO MUNOZ GONZALEZ

IN THE 103RD JUDICIAL

DISTRICT COURT OF

CAMERON COUNTY, TEXAS

# I N D E X

| INSTRUMENT | DATE FILED | PAGE |
|---|---|---|
| APPLICATION FOR A WRIT OF HABEAS CORPUS SEEKING RELIEF FROM | | |
| FINAL FELONY CONVICTION UNDER CODE OF CRIMINAL PROCEDURE, | | |
| ARTICLE 11.07 | 12/15/2004 | 1 |
| LETTER TO JUDGE, HON. MENTON J. MURRAY, JR. | 12/16/2004 | 10 |
| AKNOWLEDGEMENT LETTER TO DEFENDANT | 12/16/2004 | 11 |
| CRIMINAL DOCKET SHEETS | | 12 |
| INDICTMENT | 3/25/1992 | 16 |
| WRITTEN WAIVER AND CONSENT TO STIPULATION OF TESTIMONY, | | |
| WAIVER OF JURY, AND PLEA OF GUILTY | 5/5/1992 | 18 |
| PROBATION JUDGMENT | 5/27/1992 | 27 |
| JUDGMENT REVOKING PROBATION | 5/4/1994 | 32 |
| BILL OF COSTS | | 37 |
| CERTIFIED BILL OF COSTS | 1/27/2005 | 38 |
| CLERK'S CERTIFICATE | 1/27/2005 | 39 |

Scanned March 23, 2005

### COURT OF CRIMINAL APPEALS OF TEXAS

### APPLICATION FOR A WRIT OF HABEAS CORPUS
### SEEKING RELIEF FROM FINAL FELONY CONVICTION
### UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

### INSTRUCTIONS

1. You must use this form to file an application for a writ of habeas corpus seeking relief from a final felony conviction (other than a death-penalty case), under Code of Criminal Procedure article 11.07.

2. The clerk of the court in which you were convicted will make this form available to you, on request, without charge.

3. If you do not follow the instructions on this form, the clerk of the court will write a note of the defect on your application and return the form to you without filing it.

4. You must make a separate application on a separate form for each judgment of conviction you seek relief from. Even if the judgments were entered in the same court on the same day, you must make a separate application for each one.

5. Answer every item that applies to you on the form. You may use additional pages only if you need them for item 18, the facts supporting your ground for relief. Do not attach any additional pages for any other item.

6. You must include all grounds for relief, and all facts supporting each ground for relief, in the application you file seeking relief from any judgment of conviction.

7. Do not cite cases or other law in this application. Do not make legal arguments in this application. Legal citations and arguments may be made in a separate memorandum.

8. You must verify the application by signing either the Oath Before Notary Public or the Inmate's Declaration, which are at the end of this form. You may be prosecuted and convicted for aggravated perjury if you make any false statement of a material fact in this application.

9. When the application is fully completed, mail the original to the clerk of the convicting district court. Keep a copy of the application for your records.

C00·  1

Scanned March 23, 2005

FILED _7:30_ O'CLOCK _P_ M
AURORA DE LA GARZA, CLERK

DEC 15 2004

DISTRICT COURT OF CAMERON COUNTY TEXAS
_Vickie Wh____ DEPUTY_

Cause No. _92-CR-360-D_
(The Clerk of the convicting court will fill this line.)

**COURT OF CRIMINAL APPEALS OF TEXAS**

**APPLICATION FOR A WRIT OF HABEAS CORPUS**
**SEEKING RELIEF FROM FINAL FELONY CONVICTION**
**UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07**

_GERARDO MUNOZ GONZALEZ      5, 2, 59_
NAME OF APPLICANT  (Please print full name)          DATE OF BIRTH

_COFFIELD UNIT     00678457_
PLACE OF CONFINEMENT          TDCJ-ID NUMBER
   _LAST PRISON UNIT_

(1)   What court entered the judgment of conviction you want relief from?
      (Give the number and county of the court.)

   _103RD JUDICIAL DISTRICT COURT_

   _CAMERON COUNTY, BROWNSVILLE, TEXAS_

(2)   What was the cause number in the trial court? _92-CR-360-D_

(3)   What was the trial judge's name? _DISTRICT JUDGE MENTON MURRAY JR,_

(4)   What was the date of judgment? _1992_

(5)   What was the length of sentence? _(10) TEN YEARS_

(6)   Who assessed punishment?  (Check one)      (a) Judge ( ✓ ); (b) Jury ( )

(7)   What offense or offenses were you were convicted of (all counts)?

   _BURGLARY OF HABITATION - ONE COUNT_

   _____

   _____

1

<u>Scanned March 23, 2005</u>

(8)    What was your plea? (Check one)

    (a)    Not guilty               ( )
    (b)    Guilty                 ( )
    (c)    Nolo Contendere      (X)

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

N/A

(9)    Did you have a jury trial?(check one)

    (a)    Jury                 ( )
    (b)    Judge only           (X)

(10)    Did you testify at the guilt/innocence phase of trial?    Yes (X)    No ( )

(11)    Did you testify at the sentencing phase of trial?    Yes (X)    No( )

(12)    Did you appeal from the judgment of conviction?    Yes ( )    No(X)

(13)    If you did appeal, answer the following questions:

    (a)    Which court of appeals?    N/A

    (b)    What was the cause Number?    N/A

    (c)    What was the decision?    N/A

    (d)    What was the date of the decision?    N/A

    (e)    Did you file a petition for discretionary review?    Yes ( )    No (X)

    (f)    If your answer to (e) was "yes," answer the following questions:

    (g)    What was the cause number in the Court of Criminal Appeals?

N/A

    (h)    What was the decision?    N/A

    (i)    What was the date of decision?    N/A

000    3

Scanned March 23, 2005

(14)  Have you previously filed an application for writ of habeas corpus under Article
      11.07 for relief from this conviction?

      Yes  (X)                    No  ( )

(15)  If your answer to (14) was "yes," answer the following questions:

      (a)  What was the Court of Criminal Appeals writ number?  _NONE — N/A_

      (b)  What was the decision?  _N/A_

      (c)  What was the date of decision?  _N/A_

      (d)  What is the reason the current claims were not presented and
           could not have been presented in an earlier application?

      I HAVE SENT NUMEROUS REQUEST FOR
      WRiT OF HABEAS CORPUS ART. 11.07
      RELiEF TO DiSTRiCT JUDGE MENTON MURRAY
      JR. 103RD DiSTRiCT COURT - BROWNSViLLE,
      TEXAS AND TO TDCJ PARDONS AND PAROLES
      DiViSiON iN HUNTSViLLE AND I NEVER
      GOT ANY REPLY EXCEPT FOR JUDGE MENTON
      MURRAY JR. COURTROOM CLERK WHO CAME
      TO SEE ME iN PERSON AT CONFiNEMENT AT
      CAMERON COUNTY JAiL DiViSiON - CELL 2 C.R
      TO TELL ME TO STOP WRiTiNG REQUEST
      FOR WRiT OF HABEAS CORPUS ART. 11.07 RELiEF,

(16)  Do you have any petition or appeal pending in any court, either state or federal,
      attacking the same conviction?

      Yes  (X)                    No  ( )

                              3

                                           000  4

Scanned March 23, 2005

(17)    If you are presenting a claim for time credit, have you presented the claim to the time credit resolution system of the Texas Department of Criminal Justice– Institutional Division?

Yes (X)                    No ( )

(a)    If your answer to (17) was "yes," answer the following questions:

What was the date of decision? *NO DECISION MADE.*

Why are you not satisfied with the decision? *TDCJ INSTITIONAL DIVISION REFUSES, AFTER NUMEROUS REQUESTS OVER THE YEARS, TO MAKE ARCHIVE BOOKKEEPING ERROR CORRECTIONS.*

(b)    If your answer to (17) was "no," why have you not presented the claim to the time credit resolution system of the Texas Department of Criminal Justice–Institutional Division?

*N/A*

(18)    State concisely every ground on which you claim that you are being unlawfully confined. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting the grounds.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. The grounds you may raise are not limited to those listed below. However, you should raise in this application all available grounds (relating to this conviction) on which you base your allegations that you are being unlawfully confined.

4

COC    5

Scanned March 23, 2005

If you claim one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not simply check any of the grounds listed below.

(a)     Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b)     Conviction obtained by use of coerced confession.

(c)     Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d)     Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e)     Conviction obtained by a violation of the privilege against self-incrimination.

(f)     Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g)     Conviction obtained by a violation of the protection against double jeopardy.

(h)     Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and empaneled.

(i)     Denial of effective assistance of counsel.

(j)     Denial of right of appeal.

(k)     Denial of time credits on sentence. *I HAVE BEEN IN CONFINEMENT OR PAROLE FROM 1992 TO DATE DECEMBER 14, 2004;*

(l)     Improper revocation of parole or mandatory supervision. *NO NEW CONVICTIONS FROM 1992 TO DATE-*

(m)     Illegal sentence. *DECEMBER 14, 2004.*

(n)     Invalid or defective indictment. *YET, MY RELEASE FROM TDCJ CUSTODY IS APRIL 14, 2006!*

(o)     No evidence or insufficient evidence.

5

000 6

<u>Scanned March 23, 2005</u>

**(A)**   What is your Ground Number One: _(K)-_

What are the FACTS (tell your story <u>briefly</u> without citing cases or law): I HAVE BEEN IN CONFINEMENT OR PAROLE FROM 1992 TO DATE - DECEMBER 14, 2004 WITH NO NEW CONVICTIONS, YET I AM NOT DUE FOR RELEASE FROM CONSTRUCTIVE CUSTODY TILL APRIL 14, 2006, ON A TEN (10) YEAR SENTENCE,

**(B)**   What is your Ground Number Two: _(I),_

What are the FACTS (tell your story <u>briefly</u> without citing cases or law): I HAVE BEEN REVOKED FROM PAROLE BEFORE WITH NO NEW CONVICTIONS FROM 1992 TO DATE DECEMBER 14, 2004.

**(C)**   What is your Ground Number Three: N/A

What are the FACTS (tell your story <u>briefly</u> without citing cases or law): N/A

6

000   7

<u>Scanned March 23, 2005</u>

_____
_____
_____
_____
_____

(D)    What is your Ground Number Four: ____*N/A*____
_____

What are the FACTS (tell your story <u>briefly</u> without citing cases or law):____*N/A*
_____
_____
_____
_____
_____

Wherefore, applicant prays that the Court grant applicant relief to which he may be entitled in this proceeding.

**VERIFICATION**

(Complete <u>either</u> the Oath Before Notary Public <u>or</u> the Inmate's Declaration)

**Oath Before Notary Public**

STATE OF TEXAS, COUNTY OF ____*N/A*____

_____, being first duly sworn, under oath, says: that he is the applicant in this action and knows the content of the above

7

000  8

Scanned March 23, 2005

application and according to the applicant's belief, the foregoing allegations of the application are true.

_Signature of applicant_

SUBSCRIBED AND SWORN TO BEFORE ME this ___ day of _____

_N/A_

Notary Public

**Inmate's Declaration**

I, _GERARDO MUNOZ GONZALEZ_ ,
(inmate's name)

_00678457 – 2004070325_ , being presently incarcerated in
(inmate's identifying number from TDCJ or county jail)

_ON PAROLE CONSTRUCTIVE CUSTODY_ ,
(name of TDCJ unit or county jail)

declare under penalty of perjury that according to my belief the foregoing information and allegations of the application are true and correct.

Signed on _Dec. – 12-14-2004_
(date)

_Signature of applicant_

_N/A_
Signature of attorney (if any)

Address of Attorney:
_N/A_

8

Scanned March 23, 2005



# AURORA DE LA GARZA
## CAMERON COUNTY DISTRICT CLERK

CAUSE NO. 1992-CR-360-D

THE STATE OF TEXAS          IN THE 103RD JUDICIAL
VS                          DISTRICT COURT OF
GERARDO MUNOZ GONZALEZ      CAMERON COUNTY, TEXAS

( WRIT I )

Filed on 12/15/04

To The Honorable MENTON J. MURRAY, JR.:

Judge presiding in the convicting court in the above entitled and numbered cause.

I hand you herewith a copy of the Applicant's 1ST Application for Writ of Habeas Corpus in the above styled and numbered filed on 12/15/04.

Issued and given under my hand and seal of office this 12/16/04.

Aurora De La Garza, District Clerk
Cameron County, Texas

By: _____
LAURA G. CISNEROS, Deputy

| CIVIL | CRIMINAL | CHILD SUPPORT | JURY | FAX |
|-------|----------|---------------|------|-----|
| (956) 544-0838 | (956) 544-0839 | (956) 544-0840 | (956) 544-0842 | (956) 544-0841 |

000 10

Scanned March 23, 2005



**AURORA DE LA GARZA**
CAMERON COUNTY DISTRICT CLERK

DECEMBER 16, 2004

GERARDO MUNOZ GONZALEZ
1313 OAK COURT DRIVE
HARLINGEN, TEXAS 78550

RE:    CAUSE NO. 1992-CR-360-D

        THE STATE OF TEXAS
        VS.
        GERARDO MUNOZ GONZALEZ

        IN RE:    1ST PETITION FOR WRIT OF HABEAS CORPUS
                  FILED 12/15/04

Dear MUNOZ-GONZALEZ:

This is to acknowledge receipt of the above captioned 1ST PETITION FOR WRIT OF HABEAS CORPUS. The State is afforded fifteen (15) days from the day they receive notice of filing, in which it may order a hearing.

If no order has been entered within thirty-five (35) days from the filing date, the petition will be forwarded to the Court of Criminal Appeals, for their consideration.

All further correspondence should indicate the above cause number.

Sincerely,

LAURA G. CISNEROS, Deputy

CC:

File

| CIVIL | CRIMINAL | CHILD SUPPORT | JURY | FAX |
|-------|----------|---------------|------|-----|
| (956) 544-0838 | (956) 544-0839 | (956) 544-0840 | (956) 544-0842 | (956) 544-0841 |

000 11

Scanned March 23, 2005

REPORTED  **CRIMINAL DOCKET**

MAY  1992

Case No.
92-CR-00000-360

| NAMES OF PARTIES | ATTORNEYS |
|---|---|
| THE STATE OF TEXAS VS. | DISTRICT ATTORNEY, CAMERON COUNTY (A) |
| | HON. ANGEL CASTRO (A) |

| OFFENSE | DATE OF FILING | | |
|---|---|---|---|
| | Month | Day | Year |
| BURGLARY OF A HABITAT | | | |

**PAPERS FILED**

| Date | Paper |
|---|---|
| 03/25/92 | ORDER TRANSFERRING CAUSE |
| 04/02/92 | NOTICE OF ARRAIGNMENT |
| 04/02/92 | Precept Issued |
| | Served: 4/6/92  Filed: 4/6/92 |
| 4/6/92 | ORDER APPOINTING ATTORNEY |
| 4/10/92 | Arraignment |
| 5/5/92 | Written Waiver and Consent to Stipulation of Testimony, Waiver of Jury, and Plea of Guilty |
| 5/19/92 | P S I |

**ORDERS OF COURT**

| Date of Orders | | | ORDERS OF COURT |
|---|---|---|---|
| Month | Day | Year | |
| MARCH | 25 | 1992 | TRANSFERRED FROM THE 197TH DISTRICT COURT, DARRELL HESTER     /A. A |
| APRIL | 2 | 1992 | Arraignment set for April 9, 1992 at 8:30 a.m.   Murray Jr/aa |
| APRIL | 6 | 1992 | Hon. Angel Castro is hereby appointed to represent the defendant as per order signed for entry. MOURANIH/gm |
| | 04/09/92 | | Det. arraigned P/N/G entered, cause is set for trial at 9:00 a.m., on April 27,1992 with Ann. on April 24,1992 at 9:00 a.m...M.Murray/lc |

**Scanned March 23, 2005**

No. 92-CR-360-D

The State of Texas    vs.    GERARDO MUÑOZ GONZALEZ

ORDERS OF COURT

| Date of Orders | | | ORDERS OF COURT | PAPERS FILED |
|---|---|---|---|---|
| Month | Day | Year | | |
| May | 27 | 1992 | Probation Judgment signed for entry.  MOUDRA/JR/ga | |
| | | | Probation Judgement | |
| | | | Vol. 151. P. 137 | |
| | | | Date: 5/22/92 | |

CRT    PAGE    151    Vol.

OCL 13

Scanned March 23, 2005

# CRIMINAL DOCKET

Case No. 92-CR-00000360

DEF ID#: 16566

| | | | |
|---|---|---|---|
| OFFENSE 7 | | DATE OF FILING | |
| | | Month | Day | Year |
| BURGLARY OF A HABITATI ON | | 03 | 29 | 92 |

MOTION TO REVOKE FILED 6/29/92

**NAMES OF PARTIES**

THE STATE OF TEXAS
VS.
GERARDO MUNOZ GONZALEZ

DOB: 05/02/59

**ATTORNEYS**

DISTRICT ATTORNEY, CAMERON COUNTY

ANGEL CASTRO

**PAPERS FILED**

MOTION TO REVOKE FILED 6/29/92

06/29/92   ORDER SETTING HEARING AND
ORDERING ARREST.

07/01/92   Copies issued

Served: 2-15-94  Filed: 2-22-94

2/28/94   ORDER SETTING MOTION TO REVOKE

**ORDERS OF COURT**

Motion to revoke set for 10 days after arrest. Clerk ordered to issue Copies

with No Bond.   MMurray Jr/sa

Motion to Revoke set for March 17, 1994 at 10:00 a.m.   MMURRAY JR/gm

Defendant's Arraignment for April 14, 1994

at 10:00 A. Munoz m/gr

A Padilla appt to represent the defendant.

Reset for 4/21/94 @ 10:00 A.m. m/gr

Reset for 4/28/94 @ 10:00 A.m. m/gr

Def deft w/atty Plea revoked B/N Trial.

Evid. Revoked 10yr TDCJ-ID sentence Pt/Ph

Notice of appeal —   m/n

Judgment Revoking Probation signed for entry.   MMURRAY JR/gm

| | **Date of Orders** | | |
|---|---|---|---|
| | Month | Day | Year |
| | JUNE | 29 | 1992 |
| | February | 28 | 1994 |
| | 3/17/94 | | |
| | 4/14/94 | | |
| | 4/21/94 | | |
| | 4/28/94 | | |
| | April | 29 | 1994 |

ORDER REVOKING PROBATION
AND IMPOSING SENTENCE
VOL CR 123 PAGE 236
DATE 4/29/94

000 14

**Scanned March 23, 2005**

The State of Texas

vs.

No. _____

| Date of Orders | | | ORDERS OF COURT | PAPERS FILED |
|---|---|---|---|---|
| Month | Day | Year | | |
| | | | | 12/15/04   APPLICATION FOR A WRIT OF HABEAS CORPUS SEEKING RELIEF FROM FINAL FELONY CONVICTION UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07 FILED.//Legisantos |

000 15

Scanned March 23, 2005 ENTRY) [30.02(A)(1)]    #85

## IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

THE GRAND JURORS, for the County of Cameron, State aforesaid, duly organized as such at the    JANUARY

Term, A.D. 19 92 - of the    197TH JUDICIAL DISTRICT    in and for

said County, upon their oaths in said Court, present that    GERARDO MUNOZ GONZALEZ

hereinafter called Defendant ,

on or about the    21ST    day of    JANUARY    A.D. One Thousand Nine

Hundred and    NINETY-TWO    and anterior to the presentment of this indictment, in the County of

Cameron and State of Texas, did then and there unlawfully    with intent to commit THEFT,

enter a habitation without the effective consent of TODD MCNASMITH,

the owner,

against the peace and dignity of the State.

_Guadalupe T. Zarpe_
Foreman of the Grand Jury

92-CR-360-B    000 16

Scanned March 23, 2005

NAMES OF WITNESSES

ID# 16366

92-CR-360 -D    No. _____

THE STATE OF TEXAS

vs.

GERARDO MUNOZ GONZALES

INDICTMENT

OFFENSE:

BURGLARY OF A HABITATION

LUIS V. SAENZ
Criminal County Attorney

A TRUE BILL.

_____
Foreman of Grand Jury

Filed on MAR 2 5 1992    19___

AURORA DE LA GARZA, CLERK OF
DISTRICT COURT OF CAMERON
COUNTY, TEXAS

By _____ Deputy

Amount of Bail $15,000.00

mb

THE STATE OF TEXAS
COUNTY OF CAMERON

I, AURORA DE LA GARZA, Clerk of the District Courts of Cameron County, Texas, do hereby certify
that the within and fore-
going is a true and correct copy of the Original Bill of Indictment, filed in said Court ___

_____ styled the State of Texas vs. _____ No. _____ in Case No. _____ A. D. 19___

Given under my hand and seal of said court, at office in Brownsville, Texas, this _____
day _____ A. D. 19___

AURORA DE LA GARZA , Clerk

By _____ Deputy

17

Scanned March 23, 2005

CAUSE NO. 92-CR-310-D

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | § | CAMERON COUNTY, TEXAS |
| Gerardo Hinjoz Gonzales | § | 103rd JUDICIAL DISTRICT |

WRITTEN WAIVER AND CONSENT TO STIPULATION OF
TESTIMONY, WAIVER OF JURY, AND PLEA OF GUILTY

Defendant, after having had his Federal and State constitutional and statu-
tory rights fully explained to him by his attorney of record in this case, as
well as the procedural requirements, rights and safeguards afforded to him by
laws of the State of Texas, including the privilege against self-incrimination,
the right to appearance, confrontation, and cross-examination of witnesses to be
used against him, and the right to trial by jury, deliberately and knowingly
agrees and consents, together with his counsel, to waive the appearance,
confrontation and cross-examination of witnesses against him in this cause and
further waives the right of trial by jury, and asks that he be tried by the
Court without a jury.

Defendant, in person and together with his counsel, waives all formalities
of arraignment and reading of the indictment and voluntarily and freely pleads
Guilty, as charged in the indictment in this cause.

Defendant, in person, together with his counsel, in pleading Guilty further
states under oath in open court to the Court:

1. I have never been treated for any mental illness and no one has ever
   suggested that I should receive treatment for any mental illness; I
   believe myself to be mentally competent now and sane at the time of
   the commission of the offense;

2. No one has threatened me in any way, used any force of any kind
   upon me nor placed me in fear; and I am not pleading guilty
   because of fear;

3. No one has promised me anything to induce me to plea guilty; I am
   not pleading guilty by reason of any persuasion; and I have not

000 18

PAGE 1 OF 5 PAGES

<u>Scanned March 23, 2005</u>

been told that I will get probation, a pardon or early parole by
reason of pleading Guilty;

4. I am not pleading guilty with any delusive hope of a pardon in my
case; I have no hope of pardon;

IF APPLICABLE: IF NOT A CITIZEN OF THE UNITED STATES OF AMERICA I
UNDERSTAND THAT A PLEA OF GUILTY OR NOLO CONTENDERE FOR THE OFFENSE
CHARGED MAY RESULT IN DEPORTATION, THE EXCLUSION FROM ADMISSION TO
THIS COUNTRY, OR THE DENIAL OF NATURALIZATION UNDER FEDERAL LAW.

5. I understand that if I persist in pleading guilty and the evidence
shows I am guilty, the Court will have no alternative but to find
me guilty;

6. I understand that if the Court finds me guilty, the Court must and
will assess my punishment as that prescribed by law for the offense
to which I here plead guilty;

7. I understand that the punishment prescribed for the offense to
which I here plead guilty is by confinement in the Texas Department
of Criminal Justice Institutional Division (Texas Department of
Corrections) for a term of years not less than ___5 yr_____
nor more than __99yr or Life_____, to which may be added a
fine not to exceed $_10,000_____ .

8. I understand that the Prosecutor may or may not make a recommen-
dation as to punishment, but I understand that the Court is not
bound by such recommendation of the prosecuting attorney as to
punishment;

9. I affirm to the Court that there has been no plea agreement in this
case except as follows: _10 yr TDJ ID Probated 10 yrs____
_14 yr Restitution center_____
_____

And I understand that the Court is not bound to accept a plea
bargain and if the Court rejects a plea bargain I may withdraw my
plea of guilty.

10. I understand that if a punishment is being recommended by the pro-
secutor and agreed to by me and my attorney and the punishment
assessed by the Court does not exceed that agreed punishment that

000 19

PAGE 2 OF 5 PAGES

Scanned March 23, 2005

I cannot, without the Court's permission, prosecute an appeal on any matter in this case except for those matters raised by written motions filed prior to the trial;

STRIKE
ONE

11. I went to the 12 grade in public school and can read, write and understand the English language;

11. I do not read, write and understand the English language and all of this instrument has been translated to me from English to Spanish by _____ and I believe I fully understand all of it;

Further, the Defendant, in person, under oath, together with his attorney and the attorney representing the State of Texas, further agree, consent and stipulate in writing in open court to the following:

The State may introduce affidavits, written statements of witnesses and any other documentary evidence in support of any judgment that may be entered in this cause, which are marked Exhibits No. 1 , through No. 5 , inclusive, and made a part hereof; that such stipulated evidence is true and correct; that the Defendant, is the identical person referred to in the exhibits and stipulated evidence and if the witnesses were present, sworn and testifying under oath that they would testify as set out in their written statements and would identify the Defendant as the person of whom they speak in said exhibits and stipulations; that the Defendant is the identical person named in the indictment in the above styled and numbered cause; that each and every allega- tion in said indictment charging the offense of: Burglary of Habitation is true and correct and each act therein alleged occurred in Cameron County, Texas.

> _____
> Defendant

SWORN TO AND SUBSCRIBED TO BEFORE ME, the undersigned authority, on this the 5th day of May , 19 92 .

Clerk of the District Courts,
Cameron County, Texas

BY _____
Deputy

000 20

PAGE 3 OF 5 PAGES

Scanned March 23, 2005

APPROVED AND AGREED:

_____
Defendant's Attorney

_Jacqueline Rivinis-Carroll_
Assistant County (Criminal District)
Attorney, Cameron County, Texas

### CERTIFICATE OF DEFENDANT'S ATTORNEY

The undersigned attorney of record for the Defendant in the above styled and numbered cause, being a duly licensed member of the State Bar of Texas in good standing, does hereby certify that I have fully explained to the Defendant his Federal and State constitutional and statutory rights as Defendant in this case, including his constitutional right to a trial by jury and to have the witnesses present, testify and to cross-examine them, as well as all the procedural requirements and rights afforded him by the State of Texas, and the Defendant understanding his said rights, has deliberately and knowingly waived such rights in this case.

I further certify that I have read to the Defendant and explained to the Defendant the foregoing waiver and consent to stipulation of testimony,

together with the stipulations and exhibits attached and made a part thereof, and I believe and state to the Court that the Defendant understands such waiver, consent and stipulation, and has voluntarily and knowingly, entered into the same with my advice and consent.

The undersigned attorney further states to the Court in connection with the Defendant's plea of guilty that the undersigned has counseled and advised with the Defendant and that every statement above made by the Defendant is true and correct to the best of my knowledge and belief; and, in my opinion, the Defendant is now mentally competent and legally sane, was legally sane at the time of the offense charged, and is able to and does understand the nature and consequences of these proceedings and his plea of guilty.

_____
Attorney for the Defendant

21

PAGE 4 OF 5 PAGES

## Scanned March 23, 2005

APPROVAL OF TRIAL JUDGE:

The above and foregoing written waiver and consent to stipulation of testimony, waiver of jury and plea of guilty having been made under oath by the Defendant in person in open court on this _____ day of _____, 19____, and the Court having interrogated the Defendant in person in open court, as well as his counsel, and being satisfied that the Defendant has had his constitutional and legal rights explained to him and that the Defendant has the age, education and discretion to fully understand and does understand his constitutional rights with regard to the right of trial by jury, the appearance, confrontation and cross-examination of witnesses against him, and the privilege against self-incrimination and further understands the waiver and the stipulations and the contents thereof to which he has agreed, the said waiver and consent and stipulation of testimony is hereby approved by the Court, and ordered filed in the papers of this cause.

The Court, having considered the plea of guilty of the Defendant and it plainly appearing to the Court that the plea of the Defendant is free and voluntary and the Defendant is mentally competent; and the Court having duly admonished the Defendant of the range of punishment attached to the offense, that the recommendation of the prosecuting attorney as to punishment is not binding upon the Court and the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the Defendant and his attorney, the Court must give its permission to the Defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to the trial; and the Defendant having persisted in pleading guilty, accepts the Defendant's plea of guilty and orders that such plea shall be entered upon the minutes of this Court.

Signed this the _____ day of _____, 19 ____.

_____
Judge Presiding

PAGE 5 OF 5 PAGES

000 22

**Scanned March 23, 2005**                              ● 83878

SX - 2

INVESTIGATOR'S REPORT


OFFENSE: Burglary of Habitation (Case #83878)
DATE: January 21, 1992
LOCATION: 1216 East Crockett, Harlingen, Texas
VICTIM: Todd Monasmith
SUSPECT:
ARRESTED: Gerardo Munoz Gonzalez    DOB: 05-02-59


On January 21, 1992, the Harlingen Police Department received a call in reference to a burglary in progress at 1216 East Crockett, Harlingen. A neighbor had called the Harlingen Police after seeing a male suspect go to the rear of 1216 East Crockett. Harlingen Police Officers Paul Campbell and Narciso Noyola were dispatched to the location. The two officers searched the residence after finding a rear door open. During the search, a lone male suspect was found hiding in a rear bedroom closet. The suspect, Gerardo Munoz Gonzalez was arrested and charged with Burglary of a Habitation. The suspect was arraigned by J.P. Eloy Cano and bond set at $25,000.00. During the arrest of the suspect, several items belonging to the resident at 1216 East Crockett, were found in the suspect's possession. The suspect would not give a voluntary statement concerning the arrest. This case is submitted for further disposition.


NICOLAS ARAYA
DETECTIVE DIVISION
HARLINGEN POLICE DEPT.
HARLINGEN, TEXAS

000 23

Scanned March 23, 2005

083678

OR # SX-3

Type of report: Burglary of Residence

Date of this supplement: 1-21-92

Victim's name (firm name): Todd Meinsmith

Location of occurrence: 1216 E Crockett Harl. Tx

Value of property recovered or additional property taken:

$_____ currency    $_____ bicycles
$_____ jewelry     $_____ clothing
$_____ auto acc.   $_____ misc.
                Total $_____

☐ unfounded    ☐ cleared by arrest    ☐ juv.
☐ ex. cl.      ☐ pending

Add investigative leads:

Witness Linda Anderson of 1211 E Crockett, Phone # 433-4790. Business # 423-0540 stated that she first saw the male suspect knocking at the front door. When there was no answer subject then went to the back of the residence (garage area) and she later called the police department.

_N. Presley_

OOO 24

Scanned March 23, 2005

838 10

SX-4

STATE OF TEXAS          X

COUNTY OF CAMERON   X

BEFORE ME, the undersigned authority, a Notary Public in and for Cameron County, Texas on this day personally appeared **Guadalupe C. Gonzalez** who, after by me being duly sworn did depose and say:

My name is Guadalupe C. Gonzalez. I am employed by the City of Harlingen as a Police Officer.

On January 21, 1992 at approximately 12:50 p.m. I overheard a call on the police unit's radio of a subject going into the backyard of 1216 E. Crockett, Harlingen, Texas. I arrived and assisted Officers Paul Campbell and Narciso Noyola search the residence. Officer Campbell found a male subject in a closet. The subject was subdued, handcuffed, and transported to the city jail by Officer Campbell. Investigation revealed the subject was Gerardo Munoz Gonzalez, D.O.B. 05/02/59, of 1313 Oak Court, Harlingen, Texas. The point of entry was found as having been a window to the eastside of the master bedroom. A window pane was broken out and the window was unlocked by reaching in. The glass pane pieces were brought to our police lab to be checked for fingerprints.

Gerardo Gonzalez was booked for Burglary of a Habitation.

SWORN AND SUBSCRIBED TO BEFORE ME, on this the 27TH day of JANUARY 1992

Notary Public in and for Cameron County, Texas

NICOLAS ARAIZA          11/8/93
Name (Printed or Typed)     Commission Expires

I,_____,Do hereby certify that I have translated the foregoing statement from English to Spanish, to the within named_____and that he/she has signed same with full knowledge and understanding of its contents and legal effects.

000 25

<u>Scanned March 23, 2005</u>

STATE OF TEXAS

COUNTY OF CAMERON

BEFORE ME, the undersigned authority, a Notary Public in and for Cameron
County, Texas on this day personally appeared TODD MONASMITH
who, after by me being duly sworn did depose and say:

MY NAME IS TODD MONASMITH D.O.B.10/7/62 AND I LIVE AT 1216 E. CROCKETT HARLINGEN,
TEXAS. PHONE # 423-0286. BUSINESS PHONE# 423-3976.

ON JANUARY 21,1992, THE HARLINGEN POLICE DEPT. WAS SUMMONED TO MY RESIDENCE BY A
NEIGHBOR TO REPORT A POSSIBLE BURGLARY IN PROGRESS. THE NEIGHBOR HAD SEEN A SUSPICIOUS
HISPANIC MALE ARRIVING AT MY HOUSE AND THEN GO TO THE REAR OF THE HOUSE. HARLINGEN
POLICE OFFICERS DISCOVERED THAT A REAR DOOR TO MY HOUSE HAD BEEN OPENED AND THAT A
WINDOW HAD BEEN BROKEN. THE POLICE WERE ABLE TO APPREHEND A SUSPECT INSIDE OF MY
RESIDENCE. DURING HIS APPREHENSION, THE SUSPECT WAS FOUND TO BE IN POSSESSION OF JEWELRY,
MONEY AND OTHER ITEMS BELONGING TO MY FAMILY. I HAVE SINCE POSITIVELY IDENTIFIED THESE
ITEMS AS BELONGING TO OUR RESIDENCE. DAMAGE TO THE WINDOW IS ABOUT $75.00.

I WOULD LIKE TO STATE THAT THIS SUSPECT, GERARDO MUNOZ GONZALEZ, DID NOT HAVE CONSENT
TO BREAK INTO MY RESIDENCE OR TO BE IN POSSESSION OF ANY OF MY PROPERTY.

SWORN AND SUBSCRIBED TO BEFORE ME, on this the 3ᴿᴰ day of MARCH 1992

Notary Public in and for, Cameron County, Texas

NICOLAS ARAIZA          11/8/93
Name (Printed or Typed)    Commission Expires

I, _____, Do hereby certify that I have
translated the foregoing statement from English to Spanish, to the
within named _____ and that he/she has
signed same with full knowledge and understanding of its contents and
legal effects.

COU 26

<u>Scanned March 23, 2005</u>

CAUSE NO. 92-CR-360-D

| | | |
|---|---|---|
| THE STATE OF TEXAS | ) | IN THE DISTRICT COURT OF |
| VS | : | CAMERON COUNTY, TEXAS |
| GERARDO MUNOZ GONZALEZ | ) | 103RD JUDICIAL DISTRICT |

PROBATION JUDGMENT

BE IT REMEMBERED that on the 5th day of May, 1992, this cause was called for trial, and the State appeared by her Assistant Criminal District Attorney, and the Defendant, Gerardo Munoz Gonzalez, appeared in person, his counsel by appointment, the Hon. Angel Castro, also being present, and all parties announced ready for trial, and the Defendant, in open court, in person, after having been duly arraigned, pleaded guilty to the charge in the indictment. The Defendant was admonished by the Court of the range of punishment attached to the offense and the fact that any recommendation of the prosecuting attorney as to punishment is not binding on this Court. The Court further inquired as to the existence of any plea bargaining agreements between the State and the Defendant and having determined that there were such agreements, the Court advised the Defendant that such agreements were not binding on the court and that if the Court did not follow or approve the plea bargaining agreement, the Defendant had a right to withdraw his plea and his judicial admission of guilt before the Court and any of the matters discussed or written in the probation report would not be used against him, but the Defendant persisted in pleading guilty.

It plainly appearing to the Court that the Defendant is mentally competent and that his plea is free and voluntary the said plea was by the court received and is now entered upon the Minutes of the Court as the plea herein of said Defendant. Thereupon, the Defendant, in person in open Court, having waived the right of trial by jury in writing, requested the Court to approve the waiver of jury. The Court then determined that such waiver in writing, signed by the Defendant, had been filed herein before the Defendant entered his plea of guilty and that the attorney representing the State had consented in writing to such waiver. The consent and approval of

VOL. 151 PAGE 137

COU 27

<u>Scanned March 23, 2005</u>    ●

the Court for the Defendant to waive the right of trial by jury was then granted.

WHEREUPON, the Defendant proceeded to trial before the Court, who having heard and considered the pleadings and evidence offered, is of the opinion therefrom, and so finds, that the Defendant is guilty of the  offense of Burglary of a Habitation, which offense was committed on January 21, 1992 in Cameron County, Texas.

IT IS, THEREFORE, CONSIDERED AND ADJUDGED by the Court that the Defendant, Gerardo Munoz Gonzalez, is guilty of the  offense of Burglary of a Habitation as charged in the indictment herein, as confessed by him in his plea of guilty herein made.

WHEREUPON, the cause was recessed until May 22, 1992 and a pre-sentence report was ordered on the Defendant.

THEREAFTER, on May 22, 1992, this cause was again called for hearing and the Court having received and studied the pre-sentence report on the Defendant and all parties having announced ready to proceed, the cause proceeded in the punishment phase, and the court having heretofore found the Defendant guilty of the offense charged in the indictment, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Defendant be punished by confinement in the Texas Department of Criminal Justice Institutional Division for a period of ten (10) years and that the State of Texas do have and recover of the said Defendant all costs in this prosecution expended, for which execution will issue.

The said Defendant having made application in due time and form for probation under the Adult Probation and Parole Law of this State on his conviction herein, and the Court being of the opinion and finding from the evidence herein that the Defendant, Gerardo Munoz Gonzalez should be placed on probation, and that the imposition of sentence under the Judgment of this Court herein shall be and the same is hereby suspended for a period of ten (10) years from the date hereof.  Said probation and suspension of imposition of said sentence shall be conditioned that the Defendant during the entirety of the term of probation shall:

VOL. 151  PAGE 138

000  28

<u>Scanned March 23, 2005</u> 

(a) Commit no offense against the laws of this State or any other State or of the United States;

(b) Avoid injurious or vicious habits;

(c) Avoid persons or places of disreputable or harmful character;

(d) Report to the Probation Officer at the Probation Office monthly between the first and tenth day of every month beginning in the month next following entry of this Judgment;

(e) Report to the Probation Officer (in addition to the reporting required by (d) above) when, where and in the manner as may hereafter be ordered by the Court through the Probation Officer;

(f) Permit the Probation Officer to visit Probationer at Probationer's home, work, or elsewhere at any and all times;

(g) Work faithfully at suitable employment as far as possible;

(h) Remain in Cameron County, Texas, unless Probationer shall have first secured the written consent of the Court to leave the county and filed it in the papers of this cause;

(i) Pay court costs in the sum of $106.50 within sixty (60) days after the date of entry of this Judgment;

(j) Pay a probation fee of $40.00 per month every month of the probationary period between the first and tenth day of the month beginning in the month next following entry of this Judgment until the sum of $4,800.00 shall have been paid;

(k) Pay Cameron County $250.00 reimbursement for attorney's fees paid Probationer's appointed counsel, in equal monthly installments of $25.00 each, between the first and tenth day of every month beginning in the month next following entry of this Judgment and continuing until such reimbursement is paid in full;

(l) Pay $75.00 restitution, in equal monthly installments of $25.00 each between the first and tenth day of every month beginning in the month next following the entry of this Judgment and continuing until such restitution is paid in full;

(m) Pay the Adult Probation Department $200.00 reimbursement for Pre-Sentence Investigation conducted, payable at the rate of $15.00 per month;

(n) Support Probationer's legal dependents;

(o) File with the Probation Officer at the Probation Office between the first and tenth day of every month next following a default in any payment required of Probationer by this Judgment a detailed statement in writing under oath of all income and expenses received and expended by the Probationer during the entire month in which the default occurred;

(p) File with the Probation Officer at the Probation Office between the first and tenth day of every month next following a calendar month in which Probationer was gainfully employed less than 150 hours a detailed statement in writing under oath of all efforts made by Probationer to secure and hold employment during the entire month in which not gainfully employed 150 hours.

(q) Within ten (10) days after the event, report in writing to the Probation Officer any arrest of probationer and/or criminal charge filed against probationer.

000 29

<u>Scanned March 23, 2005</u>

(r) As an alternative to incarceration, the Defendant shall serve one (1) year in the Adult Probation Department Restitution Center, Brownsville, Cameron County, Texas, and shall obey all rules and regulations of the Restitution Center;

By the term "the Probation Officer" as used herein is meant any Cameron County Adult Probation Officer; by the term "Probation Office" is meant the Cameron County Adult Probation Office, First Floor, Cameron County Hall of Justice, Brownsville, Texas; by the term "Probationer" is meant the Defendant in this cause.

All payments required of Probationer by this Judgment shall be paid within the time specified at the Probation Office to the Probation Officer for which Probationer shall receive the Probation Officer's sequentially numbered receipt evidencing payment.

All payments received under this Judgment shall be forthwith deposited by the Probation Officer in the Cameron County Adult Probation Trust Fund in the County Depository and thereafter disbursed in accordance with the District Courts' Order of March 21, 1975, recorded in Volume 53, Page 1032, of the Minutes of this Court. Under the authority of that Order and this Judgment, disbursement shall be made without further order of the Court:

1. to Mr. Todd Monasmith for restitution in the amount of $75.00;

2. to the District Clerk of Cameron County, Texas for court costs in the amount of $106.50;

3. to Cameron County, Texas for reimbursement for appointed attorney's fees in the amount of $250.00;

such disbursement to be made upon full collection of the amounts above specified or periodically on a pro rata basis. All other payments made under this Judgment shall await further written order of the Court as per the District Courts' Order of March 21, 1975.

This Court conformed to the plea bargaining agreement in assessing the above punishment and reserves all rights vested in it by law to control by its further orders, the modification and termination of the provisions of the probation hereinabove set out, its jurisdiction being thereby expressly reserved until the satisfactory fulfillment of the conditions of said probation.

IT IS FURTHER ORDERED by the Court that defendant's right thumb be fingerprinted, and that said fingerprint be marked as Exhibit "A" and is made a part hereof for all purposes.

. SIGNED FOR ENTRY: May 27 , 1992.

_____
Judge Presiding

MAY 27 1992

VOL. 151 PAGE 140

000 30

<u>Scanned March 23, 2005</u>

CAUSE NO.: __92-CR-360-D__

THE STATE OF TEXAS                    )          IN THE DISTRICT COURT OF

VS.                                   :          CAMERON COUNTY, TEXAS

GERARDO MUÑOZ GONZALEZ                 )          __103RD__    JUDICIAL DISTRICT
I.D. #16366

<u>FINGERPRINT OF DEFENDANT'S THUMB</u>

The following is the fingerprint of the right thumb print of:

__GERARDO MUÑOZ GONZALEZ_____, Defendant in this cause,

_____ in this Court:



(Defendant's Initials)

Taken on this __5th__ day of ____May_____, 19_92_ by:

_____
(Signature)

ADULT PROBATION OFFICER
Title of Person Authorized
To Take Fingerprints

Judgment signed for entry herein the _27ᵗ_ day of __May_____
19_92_.

E X H I B I T   "A"

VOL. 151 PAGE 141

CCu 31

<u>Scanned March 23, 2005</u>

CAUSE NO. <u>92-CR-360-D</u>

| THE STATE OF TEXAS | )( | IN THE 103RD DISTRICT COURT |
| VS. | )( | OF |
| <u>GERARDO MUNOZ GONZALEZ</u> | )( | CAMERON COUNTY, TEXAS |

JUDGMENT REVOKING PROBATION

<u>Judge Presiding: Menton Murray, Jr.   Date of Judgment:  4/29/94</u>

Attorney
<u>for State:   Kirk Mills</u>

Attorney
<u>for Defendant: Alfredo Padilla</u>

Offense Convicted of: <u>    Burglary of a Habitation    </u>

Date Offense
<u>Degree:  1st</u>                        <u>Committed:  1/21/92</u>

<u>Date of Probation Order:    5/27/92</u>

Paragraph Violated and
Grounds for Revocation:

   (c) (r)

   On or about June 9, 1992, the Defendant failed to report
   as instructed.

   On or about June 26, 1992, Defendant left the premises of the
   Valley Transit Company, 215 Monroe Street, Harlingen, Texas
   without authorization and failed to return to the center.

As set out in States <u>    Motion    </u> to Revoke Probation.

Original Punishment
<u>Assessed:    10 years TDCJ-ID probated for 10 years. 1 year</u>
          Restitution Center, $75.00 restitution

Findings on Use
<u>of Deadly Weapon:    n/a</u>

Punishment Imposed and
<u>Place of Confinement:    10 years TDCJ-ID</u>

<u>Date of Sentence:  4/28/94</u>                  <u>Costs:  $106.50</u>

Time Credited: 259 days

Total amount of
<u>Restitution/Reparation:</u>

Concurrent Unless
<u>Otherwise Specified:</u>

Restitution to be Paid To:
<u>Name:</u>
<u>Address:</u>

   ON May 22, 1992, the Defendant herein was duly and legally con-

victed of the offense Burglary of a Habitation in the above entitled

and numbered cause, and punishment was assessed at confinement in

the Texas Department of Criminal Justice Institutional Division for

<u>Scanned March 23, 2005</u>

a period of ten (10) years, and the imposition of the sentence was suspended during the good behavior of the Defendant and the Defendant was placed on probation for a period of ten (10) years upon the following terms and conditions, to wit:  That during the term of probation the Defendant shall:

Commit no offense against the laws of this State or any other State or of the United States;

Avoid injurious or vicious habits;

Avoid persons or places of disreputable or harmful character;

Report to the Probation Officer as directed;

Work faithfully at suitable employment, as far as possible;

ON June 29, 1992, the District Attorney of Cameron County, Texas, filed with the Judge of said Court a written report, setting out the respects in which the Defendant had violated the conditions of probation, to wit:

On or about June 9, 1992, the Defendant failed to report as instructed.

On or about June 26, 1992, Defendant left the premises of the Valley Transit Company, 215 Monroe Street, Harlingen, Texas without authorization and failed to return to the center.

ON THIS, the 28th day of April, 1994, the Defendant appeared in open Court in person, his attorney by appointment the Hon. Alfredo Padilla, also being present, and the State appeared by her Assistant District Attorney and the Probation Officer of said Court, and after examining said written report and hearing the evidence offered by both the State and the Defendant, the Court is of the opinion that the Defendant, Gerardo Munoz Gonzalez, has violated the terms and conditions of his probation in this respect:

On or about June 9, 1992, the Defendant failed to report as instructed.

On or about June 26, 1992, Defendant left the premises of the Valley Transit Company, 215 Monroe Street, Harlingen, Texas without authorization and failed to return to the center.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the Order suspending the imposition of the sentence and placing the Defendant on probation heretofore entered in this said cause be and the same is hereby revoked by the Court on this the 28th day of April, 1994; and the State appeared by her Assistant District

<u>Scanned March 23, 2005</u>

Attorney and the Defendant, Gerardo Munoz Gonzalez, waiving time for
sentencing, appeared in open Court in person and accompanied by his
attorney of record for the purpose of having sentence pronounced in
accordance with the Judgment herein rendered and entered against
him; and thereupon, the said Defendant was asked by the Court
whether he had anything to say why sentence should not be pronounced
against him, and he answered nothing in bar thereof, whereupon the
Court proceeded in the presence of the said Defendant to pronounce
sentence against him as follows:

IT IS THE ORDER OF THE COURT that the said Defendant, who has
been adjudged guilty of the offense of Burglary of a Habitation and
whose punishment has been assessed by the Court at confinement in
the Texas Department of Criminal Justice Institutional Division for
a term of ten (10) years be delivered by the Sheriff of Cameron
County, Texas, to the Director of Corrections of the Texas
Department of Criminal Justice Institutional Division, or any other
person legally authorized to receive such convicts, and that the
said Defendant shall be confined in said Texas Department of
Criminal Justice Institutional Division for a term of ten (10)
years, in accordance with the law governing the penitentiaries and
the Texas Department of Criminal Justice Institutional Division. IT
IS FURTHER ORDERED that the State of Texas do have and recover of
the said Defendant all costs in this prosecution expended, and for
which execution will issue. It is further ordered by the Court that
the Defendant be credited on this sentence with two hundred fifty-
nine (259) days, on account of the time spent in jail in said cause
since his arrest and confinement until sentence was pronounced by
the Court.

The Court instructed the defendant and his attorney of the
defendant's right to appeal, and of the defendant's right to repre-
sentation by counsel on appeal, and of the defendant's right to
appointment of an attorney for appeal if an attorney cannot be
obtained because of indigency.

IT IS FURTHER ORDERED by the Court that defendant's right thumb

VOL. 183 PAGE 088

ᒪᒪᒪ 34

## Scanned March 23, 2005

be fingerprinted, and that said fingerprint be marked as Exhibit "A"
and is made a part hereof for all purposes.

    SIGNED FOR ENTRY: April 29 , 1994.



Judge Presiding

MAY 4 1994

VOL. 183 PAGE 089

GOG 35

## Scanned March 23, 2005

CAUSE NO. 92-CR-360-D

| | | |
|---|---|---|
| THE STATE OF TEXAS | ) | IN THE DISTRICT COURT OF |
| VS | : | CAMERON COUNTY, TEXAS |
| Gerardo Munoz Gonzales | ) | 103rd JUDICIAL DISTRICT |

### FINGERPRINT OF DEFENDANT'S RIGHT THUMB

The following is the fingerprint of the right thumb of:

Gerardo Munoz Gonzales _____, Defendant in this cause, convicted of a felony in this Court.



(Defendant's initials)

Taken on this 23 day of April , 19 94 by:

_____ (Signature)

District Court Bailiff
Title of Person Authorized to
Take Fingerprints

Judgment signed for entry herein the 29th day of May ,
19 94 .

E X H I B I T   "A"

VOL. 183 PAGE 090

36