OPINION

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GERARDO MUNOZ-GONZALEZ, | § | |
| TDCJ-CID No. 673637, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-04-033 |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Gerardo Munoz-Gonzalez' (hereinafter "Petitioner") petition for writ of habeas corpus under U.S.C. § § 2241, 2254. (Doc. No. 2). Pursuant to 28 U.S.C. § 2241(d), this Court has jurisdiction as Petitioner was convicted and sentenced in Cameron County, Texas, a province within the Southern District of Texas. However, Petitioner is believed to have discharged his sentence on March 3, 2004. (Doc. No. 9, Exhibit A). Based on information that the Petitioner is therefore, no longer in custody, the Respondent, Doug Dretke, Director of the Texas Department of Criminal Justice ("the Director"), Correctional Institutions Division ("TDCJ-CID") has filed a motion to dismiss for lack of subject matter jurisdiction, which will also herein be considered. (Doc. No. 9). For the following reasons, the relief sought by Petitioner should be **DENIED**.

## BACKGROUND[1]

According to Petitioner's criminal docket, in cause number 92-CR-360, on April 28, 1994, Petitioner was sentenced to ten years of confinement subsequent to the revocation of his probation. *Ex Parte Gonzalez*, App. No. 61,251-01, at 32. Petitioner's conviction was based on one count of burglary of habitation, for which he was sentenced to tens years imprisonment. *Id.* Petitioner filed a writ of habeas corpus on December 13, 2004. (Doc. No. 2).

## ALLEGATIONS

Petitioner's main contention is that he has been unlawfully confined as a result of bookkeeping errors by the TDCJ, amounting to an incorrect date of release, April 14, 2006. Petitioner further contends that he has been in confinement and on parole since his conviction in 1992 and that as of December 17, 2004, no new convictions have arisen. As a result, Petitioner believes he has been falsely imprisoned for remaining in constructive custody until April 14, 2006.

Before addressing Petitioner's claim, it must be determined whether he has presently and fully discharged his sentence, and as a consequence, whether Petitioner is considered no longer "in custody" under his 1992 burglary conviction. Should the court make this finding, Petitioner is not subject to the Court's jurisdiction and his claims will be dismissed.

## DISCUSSION

**I.   Federal Subject Matter Jurisdiction**

When a prisoner is no longer "in custody" under his related conviction at the time he files

---

[1] The following facts are derived from Cause No. 61, 147-01.

his habeas corpus motion, the federal court may not exercise subject matter jurisdiction over the petition. *Wilson v. Dretke*, 2005 U.S. Dist. LEXIS 32958 (D. Tex. 2005)(citing *Hendrix v. Lynaugh*, 888 F.2d 336, 338 (5th Cir. 1989)). The Supreme Court has discussed the requirements necessary to constitute "in custody" and stated the following:

> "We have never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time the petition is filed.... Once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."

*Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989).

According to Petitioner's habeas corpus claim, he submits that as of the filing of this petition, he remained 'in custody'. However, the Director argues in his motion to dismiss (Doc. No. 9) that the Petitioner was discharged of his sentence on March 3, 2004. In support of this contention, the Director has submitted a letter from TDCJ affirming to this date of discharge. (Doc. No. 9, Exhibit A).

In light of the current date, June 22, 2006, the Court need not engage in a discussion or determination of the proper date of discharge, as it becomes clear that the dates asserted to by both parties have indeed, passed. Therefore, according to either date, Petitioner has been discharged, rendering his claim moot. "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *American Medical Asso. v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988) (citing *Matter of S.L.E. Inc.*, 674 F.2d 359, 362 (5th Cir. 1982)). A case that is designated moot, is concurrently designated non-justiciable. 674 F.2d 359, 362.

**II. Justiciability**

Under Article III of the Constitution, courts are limited to adjudicating certain cases. Specifically, the justiciability doctrine requires that there exist a "case or controversy" in order to proceed. *See Honig v. Doe*, 484 U.S. 305, 320 (U.S. 1988). Courts have identified several doctrines that fall under the umbrella of that which constitutes a "case or controversy", and amongst these requirements, the doctrine of standing is considered quite significant. *Hernandez v. Cremer*, 913 F.2d 230, 233 (5th Cir. 1990)("...[T]he requirement that a litigant have standing to invoke the power of a federal court is perhaps the most important of these doctrines.")(quotations omitted). Mootness is a natural extension of the doctrine of standing and according to the facts in this case, Petitioner, who is no longer "in custody", is unable to raise a controversy that is ripe and justiciable with the Court.

## RECOMMENDATION

For the reasons set forth above, Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 should be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. *Douglass v. United States Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 28th day of June 2006.

_____
Felix Recio
United States Magistrate Judge